# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ADAN CANTILLANOS-MEDINA, | CASE NO. 1:11-cr-00441-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 14) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Marvin Adan Cantillanos-Medina ("Mr. Cantillanos-Medina") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, this Court DENIES Mr. Cantillanos-Medina's motion.

## II. BACKGROUND

On December 22, 2011, Mr. Cantillanos-Medina was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 1). The indictment alleged that Mr. Cantillanos-Medina is an alien. The indictment further alleged that on or about May 20, 2010, he was excluded, deported, or removed from the United States after having been convicted of possession of cocaine base for sale, in violation of California Health & Safety Code § 11351.5, and sentenced to three years imprisonment. The indictment further alleged that on or about October 4, 2011, he was found in the Eastern District of California without consent from the United States Attorney General or

1

the Secretary of the Department of Homeland Security.

On April 2, 2012, Mr. Cantillanos-Medina entered into a plea agreement with the government in which he promised to plead guilty to the indictment. (Doc. 11, p. 2). He also agreed "not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." (Doc. 11, p. 3). In exchange, the government agreed to recommend a two to three level reduction in offense level pursuant to U.S.S.G. § 3E1.1, a two level reduction in offense level pursuant to U.S.S.G. § 5K3.1, and a sentence at the low end of the applicable guidelines' range. (Doc. 11, p. 8).

A plea and sentencing hearing was held on April 16, 2012. (Doc. 15). Mr. Cantillanos-Medina pled guilty to the indictment (Doc. 15, p. 6-7) and was sentenced. He acknowledged reviewing the plea agreement with an interpreter and confirmed that he understood the agreement. (Doc. 15, p. 3-5). He also confirmed that he understood the appeal waiver. (Doc. 15, p. 4). The government moved for a two level departure, pursuant to U.S.S.G. § 5K3.1, and recommended a sentence at the low end of the advisory guidelines range, which was 63-months imprisonment. (Doc. 15, p. 7). The Court sentenced Mr. Cantillanos-Medina to 63-months imprisonment. (Doc. 15, p. 8). At the conclusion of the hearing, the Court again acknowledged the appeal waiver. (Doc. 15, p. 8). The judgment was entered on April 18, 2012. (Doc. 13).

On November 8, 2012, the Court received the instant §2255 motion. (Doc. 14). The motion is undated, unsigned,[1] and the arguments set forth within are not a model of clarity. Nonetheless, it appears that Mr. Cantillanos-Medina raises three arguments. First, he attacks his sentence by arguing that the use of his prior California state court convictions to enhance his federal sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because he pled nolo contendere to both of the prior convictions. Second, he contends that he received ineffective assistance of counsel at sentencing because counsel did not study his case effectively and sufficiently. Third, he contends that he received ineffective assistance

---

[1] Rule 2(b)(5) of the Rules Governing § 2255 proceedings requires a § 2255 motion "to be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." However, improper compliance with Rule 2(b) "does not preclude the district court, in its discretion, from exercising jurisdiction over the petitioner's claims." *Ferrara v. United States*, 456 F.3d 278, 295 (1st Cir. 2006). Although Mr. Cantillanos-Medina's motion is unsigned, this Court exercises its discretion to assert jurisdiction over his claims.

of counsel when counsel coerced him into pleading guilty. The Court did not order the government to file an opposition to Mr. Cantillanos-Medina's motion.

## III. DISCUSSION

**A. Ground One**

In Mr. Cantillanos-Medina's first ground for relief he attacks his sentence by arguing that the use of his prior California state convictions to enhance his federal sentence violated *Apprendi*. This issue is barred by the § 2255 waiver in the plea agreement.

Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). Here, the language of the waiver encompasses Mr. Cantillanos-Medina's right to file a § 2255 motion on the grounds claimed in his motion. In the waiver, Mr. Cantillanos-Medina agreed not to contest his sentence in any post-conviction pleading. (Doc. 11, p. 3). Mr. Cantillanos-Medina's *Apprendi* argument is a direct attack on his sentence thus, his argument falls within the scope of the waiver.

With regard to the knowing and voluntariness of the waiver, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [FED. R. CRIM. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000). The facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that the waiver was knowingly and voluntarily made. Mr. Cantillanos-Medina's signed plea agreement provides, "[t]he defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to . . . contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255 or 2241 or otherwise." (Doc. 11, p. 3). The agreement further provides, "[t]he defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty." (Doc. 11, p. 3). Toward the end of the agreement, Mr. Cantillanos-Medina again acknowledged that his plea was "freely and voluntarily made and . . . not the result of force or threats, or of any promises apart from those specifically set forth in [the]

Plea Agreement." (Doc. 11, p. 10-11). At the plea hearing, Mr. Cantillanos-Medina confirmed that he understood that he was waiving his right to appeal. (Doc. 15, p. 4). He also confirmed that he did not have any questions. (Doc. 15, p. 5-6). Accordingly, the facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that Mr. Cantillanos-Medina knowingly and voluntarily waived his right to attack his sentence in a § 2255 motion.

In addition, the government fulfilled its promises under the agreement. The government agreed to recommend a two level reduction in offense level pursuant to U.S.S.G. § 5K3.1, and a sentence at the low end of the applicable guidelines' range (Doc. 11, p. 8), which it did at sentencing (Doc. 15, p. 7). The government did not recommend the three level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, at the sentencing hearing. (Doc. 11, p. 8). However, the reduction was included in the guidelines' calculation in the presentence report ("PSR") (PSR, p. 4). Thus, Mr. Cantillanos-Medina received the benefit of the reduction.[2]

Moreover, even if Mr. Cantillanos-Medina's sentencing argument was not barred by the § 2255 waiver, it would fail on the merits. He contends that the use of his prior California state convictions to enhance his federal sentence violated *Apprendi*, because he pled nolo contendere to both of the prior convictions. *Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

Here, Mr. Cantillanos-Medina was sentenced pursuant to 8 U.S.C. § 1326(b)(2). "Under § 1326(b)(2), the maximum penalty for illegal reentry is increased from two years to twenty years in prison if the defendant was previously removed subsequent to a conviction for an aggravated felony." *United*

---

[2] The Court calculated Mr. Cantillanos-Medina's offense level as follows:

| Base offense level | 8 | U.S.S.G. § 2L1.2(a) |
| Prior drug trafficking offense | +16 | U.S.S.G. § 2L1.2(b)(1)(A)(i) |
| Acceptance of responsibility | - 3 | U.S.S.G. § 3E1.1(a) and (b) |
| Early disposition program | <u>-2</u> | U.S.S.G. § 5K3.1 |
| | 19 | |

With a criminal history category of VI and an offense level of 19, this created a guidelines' range of 63-78 months imprisonment.

*States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006). Mr. Cantillanos-Medina was subject to the enhanced penalty because he was previously removed following a felony conviction for possession of cocaine base for sale. He argues that because he pled nolo contendere to this offense, the use of it to enhance his sentence violates *Apprendi*.

Even if Mr. Cantillanos-Medina pled nolo contendere to this offense, under California law "[t]he legal effect of [a nolo contendere] plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." California Penal Code § 1016(3); *see also United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (per curiam). Accordingly, the use of Mr. Cantillanos-Medina's prior felony conviction for possession of cocaine base for sale to enhance his sentence did not violate *Apprendi* because under *Apprendi* a prior conviction may be used to increase the penalty for a crime beyond the prescribed statutory maximum. *Apprendi*, 530 U.S. at 488 (recognizing that procedural safeguards attach to any "fact" of prior conviction).

**B. Ground Two**

In Mr. Cantillanos-Medina's second ground for relief he contends that he received ineffective assistance of counsel at sentencing because the attorney that represented him did not study his case effectively and sufficiently.

As discussed above, a defendant may waive the statutory right to file a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). A § 2255 waiver cannot bar an ineffective assistance of counsel claim that relates to the validity of the waiver itself. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (collateral attack waiver unenforceable with respect to an ineffective assistance of counsel claim that challenged the voluntariness of the waiver); *see also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). However, an ineffective assistance of counsel claim unrelated to the validity of the waiver or plea is waivable. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that an ineffective assistance of counsel claim survives a collateral attack waiver only when the claimed ineffective assistance directly affected the validity of the waiver or plea itself).

Mr. Cantillanos-Medina's claim that he received ineffective assistance of counsel at sentencing is barred by the § 2255 waiver. The claim falls within the scope of the waiver because it is a challenge to Mr. Cantillanos-Medina's sentence. In addition, as discussed above, the waiver was knowingly and voluntarily made. Accordingly, Mr. Cantillanos-Medina's second ground for relief is barred by the waiver.

Even if Mr. Cantillanos-Medina's claim was not barred by the waiver it would fail on the merits. Mr. Cantillanos-Medina has failed to allege facts to show that counsel "did not study [his] case effectively and sufficiently." Moreover, there is nothing in the record to show that counsel's representation fell below an objective standard of reasonableness at the sentencing hearing.

**C. Ground Three**

To the extent Mr. Cantillanos-Medina contends that he received ineffective assistance of counsel when he entered into the plea agreement because his counsel coerced him into pleading guilty, this issue is not barred by the waiver. *See Washington*, 422 F.3d at 871; *see also Pruitt*, 32 F.3d at 433. However, the issue is belied by the record.

At the plea/sentencing hearing, Mr. Cantillanos-Medina acknowledged reviewing the signed plea agreement with an interpreter. (Doc. 15, p. 3). In the plea agreement, Mr. Cantillanos-Medina acknowledged that he fully understood the nature and elements of the crime in the indictment and discussed them, along with possible defenses, with his attorney. (Doc. 11, p. 2). The agreement further provides that the "plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in [the] Plea Agreement, to induce the defendant to plead guilty." (Doc. 11, p. 3). Moreover, Mr. Cantillanos-Medina acknowledged giving up his right to plead not guilty and to persist in that plea. (Doc. 11, p. 8). Toward the end of the agreement, he again acknowledged that his plea was freely and voluntarily made and not the result of force or threats. (Doc. 11, p. 10-11).

At the plea/sentencing hearing, Mr. Cantillanos-Medina confirmed that he understood that he could continue to plead not guilty if he wanted to. (Doc. 15, p. 5). He also confirmed that he wished to give up his trial rights. (Doc.15, p. 5). When was asked by the Court if he had any questions, he responded that he did not. (Doc. 15, p. 5-6). Accordingly, to the extent Mr. Cantillanos-Medina

contends that he received ineffective assistance of counsel when counsel coerced him into pleading guilty, the contention is belied by the record.

**D. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). In the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Therefore, a COA is improper.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Mr. Cantillanos-Medina's § 2255 motion to vacate, set aside, or correct sentence and
2. DENIES Mr. Cantillanos-Medina's COA.
3. The clerk is directed to close case no. 1:12-cv-01836-LJO.

IT IS SO ORDERED.

**Dated:   November 26, 2012**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE