**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN CANTILLANOS-MEDINA, | 1:11-cr-00441-LJO |
| Movant, | **ORDER ON 28 U.S.C. § 2241 HABEAS PETITION PARTIALLY CONSTRUED AS SUCCESSIVE 28 U.S.C. § 2255 MOTION** |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER TRANSFERRING § 2241 HABEAS PETITION 1:13-cv-00810-LJO** |
| Respondent. | (Docs. 18, 20) |

## I. INTRODUCTION

Marvin Cantillanos-Medina ("Mr. Cantillanos-Medina") is a prisoner in federal custody proceeding pro se. He filed a 28 U.S.C. § 2241 habeas petition and a motion to supplement his petition which are now before the Court. For the reasons discussed below, this Court GRANTS Mr. Cantillanos-Medina's motion to supplement his § 2241 petition; TRANSFERS one claim in his § 2241 petition to the Central District of California; and CONSTRUES the remaining claims as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and DISMISSES the motion.

## II. BACKGROUND

Mr. Cantillanos-Medina pled guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 13). This Court sentenced him to 63-months imprisonment. (Doc. 13). After sentencing, Mr. Cantillanos-Medina filed a timely § 2255 motion in which he alleged an *Apprendi*[1] violation and two ineffective assistance of counsel claims. (Doc. 14). This Court denied Mr. Cantillanos-Medina's motion as well as a certificate of appealability ("COA").

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

1

(Doc. 16).

Approximately four months later, while incarcerated in the Central District of California,[2] Mr. Cantillanos-Medina filed the instant § 2241 petition with this Court. (Doc. 18). In the undated petition, Mr. Cantillanos-Medina contends that the Court erred when it imposed supervised release because he is a deportable alien. (*Id.*). He also argues that the Court erred when it allowed the government to use prior convictions to enhance his sentence and raises an ineffective assistance of counsel claim. (*Id.*).

Shortly thereafter, Mr. Cantillanos-Medina filed an undated, unsigned motion to supplement his § 2241 petition. (Doc. 20). In the motion to supplement, he reiterates the arguments raised in his petition and asserts two additional claims. (*Id.*). He contends that he qualifies for early release, pursuant to A.R.S. 41-1604-14. (*Id.*). He also argues that the Court erred when it allowed the government to charge him with illegal reentry because he was never previously convicted of illegal entry as required by Ninth Circuit precedent. (*Id.*).

## III. DISCUSSION

### A. Motion to Supplement

"[W]here a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008); *see also Grullon v. Ashcroft*, 374 F.3d 137, 138 (2d Cir. 2004) (per curiam) (applying this line of reasoning to a § 2241 petition). Mr. Cantillanos-Medina filed his motion to supplement while his § 2241 petition was still pending. Thus, this Court GRANTS his motion to supplement and will address the claims set forth within.

### B. Valid § 2241 Claim

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

---

[2] Mr. Cantillanos-Medina is incarcerated at the Federal Correctional Institution Victorville in Adelanto, California. (Doc. 18).

Mr. Cantillanos-Medina's claim that he qualifies for early release, pursuant to A.R.S. 41-1604-14, is a valid § 2241 claim because it challenges the manner and condition of his sentence. *See United States v. Saeteurn*, 504 F.3d 1175, 1180 n.12 (9th Cir. 2007) (recognizing that a § 2241 petition is the proper vehicle for a prisoner asserting his right to be considered eligible for early release). This Court lacks jurisdiction to consider this claim because § 2241 petitions must be heard in the federal district in which the prisoner is confined. *See Hernandez*, 204 F.3d at 864-65. Mr. Cantillanos-Medina is not incarcerated in this district. He is incarcerated in the Central District of California. Accordingly, this Court TRANSFERS Mr. Cantillanos-Medina's claim that he qualifies for early release (Doc. 20 p. 1-2) to the United States District Court for the Central District of California.

**C. Disguised § 2255 Claims**

With regard to Mr. Cantillanos-Medina's remaining claims, this Court construes them as claims brought pursuant to §2255 because he seeks to challenge the legality of his confinement and does not qualify for escape hatch relief.

As discussed above, "[a] federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). "Restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). However, "a federal prisoner may file a habeas petition under § 2241 if the remedy provided by § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). "This is called the 'savings clause' or 'escape hatch' of § 2255." *Id*. The Ninth Circuit has recognized that this is a very narrow exception. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). For instance, "[a] prisoner may file a § 2241 petition under the escape hatch when the prisoner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero*, 682 F.3d at 1192 (internal quotation marks omitted).

Mr. Cantillanos-Medina fails to show that the remedy provided by § 2255 is inadequate or

ineffective.[3] To begin with, he does not make a claim of actual innocence. "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998)." *Marrero*, 682 F.3d at 1193. In *Bousley*, the Supreme Court held that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Mr. Cantillanos-Medina does not argue that he is actually innocent. He alleges errors relating to the imposition of his sentence, the nature of his charge, and ineffective assistance of counsel.

Secondly, Mr. Cantillanos-Medina cannot show that he has not had an unobstructed procedural shot at presenting his claims. To determine whether a petitioner had an unobstructed procedural shot, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Alaimalo*, 645 F.3d at 1047. Mr. Cantillanos-Medina's claims are based on long known facts and unchanged law. Thus, at a minimum, Mr. Cantillanos-Medina could have raised his claims in his prior § 2255 motion. Because Mr. Cantillanos-Medina does not make a claim of actual innocence and cannot show that he has not had an unobstructed procedural shot at presenting his claims, he does not qualify for escape hatch relief. Thus, this Court finds that the remaining claims in Mr. Cantillanos-Medina's § 2241 petition are clearly disguised § 2255 claims.

**D. Successive § 2255 Motion**

This is Mr. Cantillanos-Medina's second § 2255 motion. Before this Court can consider a second or successive § 2255 motion, the movant must receive certification from the appropriate Court of Appeals. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a movant must receive certification from the Court of Appeals prior to filing a

---

[3] In fact, Mr. Cantillanos-Medina does not even argue that he is eligible for escape hatch relief. However, because the determination of this issue affects this Court's jurisdiction, *see Hernandez*, 204 F.3d at 865, and federal courts are always "under an independent obligation to examine their own jurisdiction," *see FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), the Court must address this issue.

second or successive habeas petition in the district court). Nothing in the record indicates that Mr. Cantillanos-Medina has obtained leave from the Ninth Circuit to file a second motion. Therefore, this Court lacks jurisdiction to consider the claims raised in Mr. Cantillanos-Medina's motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit).

**E. COA**

With regard to a COA, this Court finds that Mr. Cantillanos-Medina has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of this case debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, this Court DECLINES to issue a COA.

### IV. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1.    GRANTS Mr. Cantillanos-Medina's motion to supplement his § 2241 petition;

2.    TRANSFERS Mr. Cantillanos-Medina's claim that he qualifies for early release to the United States District Court for the Central District of California, Case No. 1:13-cv-00810-LJO;

3.    CONSTRUES the remaining claims in Mr. Cantillanos-Medina's § 2241 petition as a § 2255 motion;

4.    DISMISSES Mr. Cantillanos-Medina's § 2255 motion for lack of jurisdiction; and

5.    DECLINES to issue a COA.

IT IS SO ORDERED.

Dated:   **May 29, 2013**                         **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE